**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**JASON CONGILARO and BETHANNE
CONGILARO,**

                            **Plaintiffs,**

                               **v.**                                           **5:09-CV-1452
(FJS/TWD)**

**CROWN EQUIPMENT CORPORATION,**

                            **Defendant.**

---

| APPEARANCES | OF COUNSEL |
|---|---|
| **ROBERT E. LAHM, PLLC**<br>711 East Genesee Street<br>Syracuse, New York 13202<br>Attorneys for Plaintiffs | **ROBERT E. LAHM, ESQ.** |
| **GOLDBERG SEGALLA, LLP**<br>5789 Widewaters Parkway<br>Syracuse, New York 13214<br>Attorneys for Defendant | **KENNETH M. ALWEIS, ESQ.**<br>**LISA MARIE ROBINSON, ESQ.** |
| **GOODELL, DEVRIES, LEECH<br>& DANN, LLP**<br>One South Street, 20th Floor<br>Baltimore, Maryland 21202<br>Attorneys for Defendant | **RENEE N. SEWCHAND, ESQ.**<br>**THOMAS J. CULLIN, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Currently before the Court is Plaintiffs' motion for judgment notwithstanding the verdict or, in the alternative, for a new trial pursuant to Rules 50(d), 59(a)(1)(A), and 60(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 95.

## II. BACKGROUND

On May 31, 2007, Plaintiff Jason Congilaro was injured during the course of his employment at the Wal-Mart Distribution Center in Marcy, New York, while operating a stand-up rider forklift, model RR5225-45, which Defendant manufactured. Plaintiff Jason Congilaro drove the stand-up forklift through a puddle of clear liquid on the warehouse floor and crashed into a firewall door. His lower leg was crushed between the firewall door and the forklift upon impact. Wal-Mart's post-accident inspection of the subject forklift on May 31, 2007, revealed no steering, braking, or other mechanical or functional problems. As a result of this accident, Plaintiff Jason Congilaro underwent multiple surgeries, including a left leg amputation below his knee.

On June 22, 2009, Plaintiffs commenced this product liability action against Defendant, setting forth causes of action for negligence, strict liability, breach of express and implied warranties, and loss of consortium. *See* Dkt. No. 1-2 at 4-17. Plaintiffs principally contended that the subject forklift was unreasonably dangerous and defective because its operator compartment lacked a metal, latched rear door as standard equipment. *See id.*

On April 15, 2013, the Court commenced a jury trial of this matter; and, after a seven-day trial, the jury returned a unanimous verdict in favor of Defendant. *See* Dkt. No. 79. Specifically, the jury determined that the stand-up rider forklift at issue was not defective and that Defendant was not negligent. *See id.* The Court entered a final judgment in favor of Defendant on April 30, 2013. *See* Dkt. No. 93. Plaintiffs then filed the pending motion, *see* Dkt. No. 95, which Defendant opposed, *see* Dkt. No. 97.

**III. DISCUSSION**[1]

Rule 59 of the Federal Rules of Civil Procedure provides that "[a] court may grant a new trial 'for any reason for which a new trial has heretofore been granted in an action at law in federal court,' Fed. R. Civ. P. 59(a)(1)(A), including if the verdict is against the weight of the evidence." *Raedle v. Credit Agricole Indosuez*, 670 F.3d 411, 417 (2d Cir. 2012). "The district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2d Cir. 1988) (citations omitted); *see also DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998) (stating that "[a] court considering a Rule 59 motion for a new trial . . . should only grant such a motion when the jury's verdict is 'egregious'" (quotation omitted)). However, "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).

"On new trial motions, the trial judge may weigh the evidence and the credibility of witnesses and need not view the evidence in the light most favorable to the verdict winner." *Raedle*, 670 F.3d at 418 (citing *United States v. Landau*, 155 F.3d 93, 104 (2d Cir. 1998)). Nevertheless, "trial judges must exercise their ability to weigh credibility with caution and great restraint, as a judge 'should rarely disturb a jury's evaluation of a witness's credibility,' . . . and may not 'freely substitute his or her assessment of the credibility of witnesses for that of the jury

---

[1] Although Plaintiffs brought this motion under Rules 50(d), 59(a)(1)(A), and 60(b)(6), the Court notes that neither Rule 50(d) nor Rule 60(b)(6) applies to this case.

simply because the judge disagrees with the jury. . . .'" *Id.* (internal quotations omitted)); *see also Snyder v. Shenendehowa Cent. Sch. Dist.*, No. 1:98-CV-1292, 2011 U.S. Dist. LEXIS 17302, *7-*8 (N.D.N.Y. Feb. 22, 2011) (stating that "[t]he primary responsibility of a judge reviewing a Rule 59 motion is to ensure that a jury verdict does not impose manifest injustice" (citations omitted)). Indeed, although "Rule 59(a)(1)(A) affords trial courts latitude in reviewing jury verdicts and in considering credibility when doing so[,] . . . a verdict . . . predicated almost entirely on the jury's assessments of credibility, . . . should not be disturbed except in an egregious case, to correct a seriously erroneous result, or to prevent a miscarriage of justice." *Raedle*, 670 F.3d at 418-19.

In support of their motion for a new trial, Plaintiffs argue that the verdict is against the weight of the evidence. In support of this motion, however, Plaintiffs merely reargue select pieces of evidence and rehash portions of the trial testimony without offering any explanation as to how that evidence and testimony contravenes the jury's verdict. Although Plaintiffs may disagree with the jury's verdict, such disagreement does not entitle them to a new trial under Rule 59. *See Ullman v. Starbucks Corp.*, 152 F. Supp. 2d 322, 326 (S.D.N.Y. 2001) (stating that "[t]he unsuccessful party's disagreement with the court's decisions or conclusion is insufficient to obtain relief under Rule 59" (citation omitted)).

Furthermore, a review of the evidence that the parties adduced at trial overwhelmingly supports the jury's verdict in favor of Defendant. A brief summary of the relevant evidence follows. Defendant presented evidence from ANSI/ASME that the subject forklift intentionally lacked a rear door, in part, to permit operators' easy ingress and egress, especially in the event of a tipover or off-the-dock accident. *See* Dkt. No. 97-2 at 11-12. Mr. Dunlap, Defendant's former

Manager of Product Safety and a former member of ANSI/ASME's B56.1 Subcommittee, testified that, in 1987 and 1996, the ANSI/ASME B56.1 Subcommittee considered and rejected proposals to require stand-up forklifts to be equipped with rear doors. *See id.* at 12, 37, 39-40. In fact, the ANSI/ASME B56.1 Subcommittee voted down that proposal 16 to 1 in 1987, with Thomas A. Berry, Plaintiffs' expert engineer, casting the only vote in favor. *See id.* at 37-40.

In addition, Mr. Dunlap testified that, when Defendant initially designed the subject forklift, it evaluated the rear door issue and engaged outside engineers to do the same. *See id.* at 15-16. Mr. Dunlap also testified that, although Defendant continues to engage outside experts to evaluate whether to enclose the forklift operator compartment with a rear door, none of those engineers has recommended such a door. *See id.* at 16. He further testified that Defendant has conducted its own exit time studies since the forklift's initial design; and it has found that operators risk serious injury or death if they remain in the operator compartment during a tipover or off-the-dock accident. *See id.* at 22-33, 44-45.

Moreover, Thomas McNish, M.D., M.P.H., Defendant's expert in biomechanics, occupant kinematics, and injury causation analysis, testified that, based on his evaluation of numerous injury potential studies, operators face serious injury and/or death by remaining inside the operator compartment during an off-the-dock or tipover accident. *See id.* at 54-55.

To counter this evidence, Plaintiffs emphasize that their engineering expert, Mr. Berry, analyzed Defendant's accident reports from the 1970s to 2006 as a basis for his opinion that collisions occurred more frequently than other types of forklift accidents. *See* Dkt. No. 95-6 at 8. However, Mr. Berry also testified that he was unaware of any manufacturer in the world that equipped its stand-up forklifts with doors as standard equipment. *See* Dkt. No. 97-2 at 4.

Plaintiffs do not explain how Mr. Berry's testimony weighs in their favor. Moreover, Plaintiffs overlook the fact that the jury, in assessing the credibility of the witnesses, could have rejected Mr. Berry's conclusion regarding his analysis of the accident reports because he was not a statistician. Likewise, the jury could have concluded that the testimony of Dr. Marias, Defendant's applied mathematics and statistical analysis expert, undercut Mr. Berry's analysis and expert opinion. Dr. Marias evaluated the comparative risk of injury on Defendant's stand-up forklift and testified that his evaluation found that the overall injury rate associated with Defendant's stand-up rider forklifts was low compared to other industrial machinery. *See* Dkt. No. 97-2 at 51-53.

It is within the jury's purview to assess the credibility of the witnesses; and, unless there is an absence of evidence to support the jury's determination, the Court will afford the jury's evaluation great deference. *See Raedle*, 670 F.3d at 418 (noting "the high degree of deference accorded to the jury's evaluation of witness credibility, and that jury verdicts should be disturbed with great infrequency"); *United States v. Landau*, 155 F.3d 93, 104-05 (2d Cir. 1998) (stating that "[a] jury's credibility assessments are entitled to deference, and . . .'where the resolution of the issues depended on assessment of the credibility of the witnesses, it is proper for the court to refrain from setting aside the verdict and granting a new trial . . .'" (internal quotation and other citation omitted)). Having reviewed the evidence adduced at trial, the Court concludes that it overwhelmingly supports the jury's conclusion.

## IV. CONCLUSION

Having reviewed the trial evidence, the parties' submissions and the applicable law, and

for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for judgment not withstanding the verdict or, alternatively, for a new trial is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 22, 2013
       Syracuse, New York

                                                    Frederick J. Scullin, Jr.
                                                    Senior United States District Court Judge